### No. 727

#### DAVIS, Dir. v. HUSSEY

No. 19257. Supreme Court

On motion to certify. Dock. July 13, 1925; 3 Abs. 451.

**916. PERSONAL INJURIES—Must company warn car repairer, working on track, that it is open at both ends; if under Blue Flag Rule, it is incumbent upon said repairer to ascertain this fact for himself, and his protection?**

John Hussey worked as a car repairer for the Cincinnati, New Orleans and Texas Pacific

Railway Co. While repairing cars with another man on certain tracks, some of which were closed or "dead" at the north and others which were open at both ends.

While on the tracks which had only the opening to the south, a blue flag, in compliance with the "Blue Flag Rule," was placed to the south of where the men were working. After work had been done on these tracks, the men proceeded to the "interchange" tracks, those open at both the north and south.

The blue flag was placed at the south on these tracks also, and while Hussey was working under the car and his fellow workman inside the car, several cars were backed into the one upon which work was being performed, from the north end causing the car under which Hussey was working, to be moved whereby he was injured.

Hussey brought his action in the Hamilton Common Pleas on July 8, 1921, and on trial the case resulted in a verdict of $10,695 in his favor. A motion for a new trial was filed and argued and after a lapse of 16 months, it was overruled. On error proceedings, the Court of Appeals affirmed the lower courts judgment.

The case is pending in the Supreme Court on motion to certify where the following contentions are presented:

It could have been no duty of the company to warn Hussey that the track whereon he was injured was open to the north also, because the employer had the right to assume that he would comply with the Blue Flag Rule, with which he was familiar, and which required him to place flags at both ends of the cut upon which he worked.

It is claimed that Hussey, in his petition in the Common Pleas did not even suggest of any failure on part of the company to exercise reasonable care in the matter of providing him with a safe place in which to work, nor was there any testimony that the place was in any respect unsafe. Yet, it is claimed, the trial court in his general charge, referred to this duty, and charged the jury that if they found that the company failed to exercise due care in this respect, such failure would constitute negligence which would entitle Hussey to a verdict.

It is contended that Hussey is entitled to recover from the company, only in case there has been a breach of some duty which the company owed him in that particular respect to which reference is made in his petition. It is claimed that such duty as the company owed Hussey could have been no more properly and effectively performed than by the adoption of the Blue Flag Rule.

"The law does not impose upon the master the extreme obligation to warn the servant of every possible manner in which injury may occur. He must examine his surroundings and take notice of obvious dangers and the operation of familiar laws. Nor can he demand that he shall be warned against risks that are as obvious to him as to the master."

Breach of duty to furnish a reasonably safe place in which to work must be pleaded or plaintiff cannot rely upon it. "The instruc-

tions in a personal injury case must be limited to the specified act or acts of negligence alleged; and restrict the right of recovery thereto."

**Attorneys**—Harmon, Colston, Goldsmith & Hoadly & B. S. Oppenheimer for Davis; John C. Herman and Patrick Kilgarrif for Hussey; all of Cincinnati.